## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| Techject, Inc. | ) | |
| | ) | |
| Plaintiff, | ) | **Case No_____** |
| | ) | |
| v. | ) | |
| | ) | |
| PayPal Holdings, Inc., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## NOTICE OF REMOVAL BY DEFENDANT PAYPAL HOLDINGS, INC.

Defendant PayPal Holdings, Inc. ("PayPal Holdings"), pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, hereby gives notice of its removal of *Techject, Inc. v. PayPal Holdings, Inc.*, Case No. 2017CV293806, from the Superior Court of Fulton County of the State of Georgia, to the U.S. District Court for the Northern District of Georgia, Atlanta Division.

PayPal Holdings' grounds for removal of this action are as follows:

1.      On August 8, 2017, Techject, Inc. commenced this action against PayPal Holdings in the Superior Court of Fulton County (Georgia), by filing a Complaint styled *Techject, Inc. v. PayPal Holdings, Inc.*  The Superior Court docketed the action as Case No. 2017CV293806.  Plaintiff served PayPal Holdings'

registered agent with the Complaint on September 15, 2017.  A true and correct copy of the Complaint, as served, is attached hereto as Exhibit 1.  As such, this Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b); *see also Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.,* 526 U.S. 334 (1999) (30-day removal period commences upon service of the Complaint).

2.      This Court has original diversity jurisdiction over Plaintiff's action under 28 U.S.C. § 1332, and Plaintiff's action is one that PayPal Holdings may remove to this Court pursuant to 28 U.S.C. § 1441 and 1446, because the action is between citizens of different states, and the amount in controversy exceeds the sum of seventy-five thousand dollars ($75,000), exclusive of interest and costs.

3.      Complete diversity exists on the face of Plaintiff's Complaint as Plaintiff alleges it is a citizen of Georgia and that Defendant PayPal Holdings is a Delaware corporation with its principal place of business at 2211 North First Street, San Jose, California 95131.  Ex. 1 at ¶¶ 2, 3.

4.      The amount in controversy in this case exceeds $75,000, exclusive of interest, costs and attorney's fees, despite Plaintiff's failure to explicitly quantify its alleged damages in the Complaint.

5.      Plaintiff claims PayPal Holdings improperly withheld crowdfunding campaign funds collected on its behalf (Ex. 1 at ¶¶ 10-16) and asserts claims against

PayPal Holdings for breach of contract, breach of fiduciary duty, fraud, fraudulent misrepresentation, deceptive trade practices, conversion, trade libel, promissory estoppel, and civil conspiracy. Ex. 1. Plaintiff also seeks punitive damages. *Id.*

6.     Plaintiff claims that "[o]n numerous occasions, funds contributed to Techject's campaign" were "inexplicably withheld." *Id.* at ¶ 16. Plaintiff submits as "evidence of the aforementioned withholding" that PayPal Holdings issued to TechJect "a 1099K for the 2012 financial year for the amount of $1,095,663.36, despite the fact that PayPal only released $146,998.00 to Techject." *Id.* at ¶ 15, Exhibit B. Thus, Plaintiff claims that PayPal Holdings improperly withheld approximately $948,665 in 2012. These allegations form the basis for its claim for conversion (among other claims). *Id.* at ¶¶ 80-89.

7.     In addition, Plaintiff purports to have suffered "nearly incalculable losses," and claims the withholding of funds "severely impeded its ability to carry out business operations." *Id.* at ¶ 33; *see also* ¶ 16 (stating the PayPal Holdings' alleged withholding of funds "hamper[ed] Plaintiff's contractual and business obligations, and its ability to deliver promised goods to campaign contributors") and ¶¶ 34-35 (Techject "experienced recurring staff and hiring issues, including engineering staff and enormous internal overhead, and inability to fulfill contractual business obligations to complete projects and support its customers … [leading to]

serious reputational and economic repercussions"). Plaintiff seeks to recover for "both financial and reputational harm." *Id.* at ¶ 33.

8.     Based on Plaintiff's allegations of numerous species of special and general damages, Plaintiff's description of those alleged damages as continuing and "nearly incalculable," allegations of PayPal's withholding and conversion of hundreds of thousands of dollars, and Plaintiff's stated intention to seek punitive damages, Plaintiff is manifestly seeking damages in this action that exceed the jurisdictional minimum of $75,000. *See Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061-62 (11th Cir. 2010) (internal quotations and citations omitted) ("Eleventh Circuit precedent permits district courts to make reasonable deductions, reasonable inferences, or other reasonable extrapolations from the pleadings to determine whether it is facially apparent that a case is removable. Put simply, a district court need not suspend reality or shelve common sense in determining whether the face of a complaint establishes the jurisdictional amount. Instead, courts may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements."). "If the jurisdictional amount is not facially apparent from the complaint, the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time

the case was removed." *Pretka v. Kolter City Plaza II., Inc.*, 608 F.3d 744, 754 (11th Cir. 2010) (analyzing removal under CAFA).

9.    Venue is proper under 28 U.S.C. § 1441 and 1446 because the Superior Court of Fulton County, State of Georgia, is located in the Atlanta Division of the U.S. District Court for the Northern District of Georgia.

10.    True and correct copies of this Notice of Removal that will be filed with the Clerk of the Superior Court and served on Plaintiff promptly after the filing of this Notice of Removal, as required by 28 U.S.C. § 1446(d), are attached as Exhibit 2.

11.    Having shown by a preponderance of the evidence that jurisdiction and venue are proper, PayPal Holdings respectfully requests that the Court assume full jurisdiction over this action as provided by law.

*/s/ Elizabeth Broadway Brown*
Elizabeth Broadway Brown (Ga. Bar No. 521136)
liz.brown@alston.com
ALSTON & BIRD LLP
1201 West Peachtree Street
Atlanta, GA 30309
Telephone:  (404) 881-7000
Facsimile:   (404) 253-8353

Andrew E. Paris (CA Bar No. 162562)
(*pro hac vice admission pending*)
drew.paris@alston.com
ALSTON & BIRD LLP
333 South Hope Street, 16th Floor

Los Angeles, CA 90071
Telephone: (213) 576-1119
Fax: (213) 576-1100

*Attorneys for Defendant PayPal Holdings, Inc.*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| Techject, Inc. | ) |
| | ) |
| Plaintiff, | ) **Case No**_____ |
| | ) |
| v. | ) |
| | ) |
| PayPal Holdings, Inc., | ) |
| | ) |
| Defendant. | ) |
| _____ | ) |

**CERTIFICATE OF SERVICE**

This is to certify that this 13th day of October, 2017, I have served this

NOTICE OF REMOVAL BY DEFENDANT PAYPAL HOLDINGS, INC. upon

the following counsel of record via United States First Class Mail, at the following

address:

Joseph M. Costyn
Zachary B. Johnson
**COSTYN LAW**
6550 Powers Ferry Road
Atlanta, GA 30339
*Attorneys for Plaintiff*

*Elizabeth Broadway Brown*
Elizabeth Broadway Brown (Ga. Bar No. 521136)
liz.brown@alston.com